| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES - GENERAL | JS-6 |

| Case No. | 5:23-cv-01908-SVW-SP | Date | December 7, 2023 |
|---|---|---|---|
| Title | *Yesenia Aguirre v. MasterBrand Cabinets, LLC* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER GRANTING PLAINTIFF'S REQUEST FOR REMAND [19]

Before the Court is Plaintiff Yesenia Aguirre's response [19] to the Court's Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction [18], which contained a request to have the case remanded to state court.

### I.     Factual and Procedural Background

Plaintiff Yesenia Aguirre ("Plaintiff") originally filed her complaint in the Superior Court of the State of California for the County of San Bernardino on July 18, 2023. ECF No. 1-2. Defendant MasterBrand Cabinets, LLC ("Defendant") removed the case to federal court on September 15, 2023, alleging jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). On November 15, 2023, the Court granted the parties' stipulation to dismiss Plaintiff's class claims without prejudice. ECF No. 17. On November 15, 2023, the Court ordered Plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction. ECF No. 18. Plaintiff filed her response on November 20, 2023. ECF No. 19.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-01908-SVW-SP | Date | December 7, 2023 |
|---|---|---|---|
| Title | *Yesenia Aguirre v. MasterBrand Cabinets, LLC* | | |

## II.  Legal Standards

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)); *see also Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Bender*, 475 U.S. at 541 (citing *Marbury v. Madison*, 1 Cranch 137, 173–80 (1803)). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"[F]ederal question jurisdiction . . . generally requires that a federal claim appear on the face of the plaintiff's 'well-pleaded complaint.'" *Holman v. Sunrise Villa Culver City*, No. 2:21-cv-01054-RGK-JEM, 2021 U.S. Dist. LEXIS 74922, at *6 (C.D. Cal. Apr. 16, 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The removing defendant bears the burden of establishing that subject matter jurisdiction would have been proper had the case originally been brought in federal court. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gonzalez v. FCA US, LLC*, No. EDCV 19-967 PSG (RAOx), 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020); *Lynch v. CNO Fin. Grp., Inc.*, No. 2:16-cv-06245-SVW-FFM, 2016 U.S. Dist. LEXIS 128328, at *2 ("Removal jurisdiction is disfavored.").

Plaintiff's response to the Court's order to show cause "agrees" that the Court no longer has subject matter jurisdiction over this case because Plaintiff's CAFA claims have been dismissed. Pl.'s Resp. to the Court's Order to Show Cause 2. Plaintiff argues that the Court should not dismiss the case for lack of subject matter jurisdiction; rather, the Court should remand the matter back to State court so that Plaintiff's

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-01908-SVW-SP | Date | December 7, 2023 |
|---|---|---|---|

| Title | *Yesenia Aguirre v. MasterBrand Cabinets, LLC* |
|---|---|

remaining claims may be resolved there. *Id.* Defendant has filed a notice of non-opposition to Plaintiff's request to have the case remanded. Def.'s Notice of Non-Opp., ECF No. 20.

### III.   Discussion

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Where federal question jurisdiction existed at the time of removal and the federal claim is later dismissed, the Court has discretion to remand a case to state court after all federal claims are dismissed." *Wright v. Neptune Soc'y of Cent. Cal., Inc.*, No. CV F 07-0117 LJO TAG, 2007 U.S. Dist. LEXIS 27359, at *6–7 (E.D. Cal. Mar. 29, 2007) (citing *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 936 (9th Cir. 2003)).

Because there is no longer a federal question pending in this case, the Court has the discretion to remand the case back to State court. Accordingly, the Court REMANDS this case back to State court.

### IV.   Conclusion

For the reasons discussed above, this matter is REMANDED back to the Superior Court of California for the County of San Bernardino.

IT IS SO ORDERED.

:

Initials of Preparer        PMC